Pennypack Manor Nursing Home, Inc. *v.* Nicholas Petrella, Appellant.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Austin J. McGreal,* for appellant.

*Harold Cramer,* for appellee.

*Barbara S. Gilbert,* Deputy City Solicitor, with her *Sheldon L. Albert,* City Solicitor, for amicus curiae, Zoning Board of Adjustment, City of Philadelphia.

OPINION BY JUDGE WILKINSON, JR., May 22, 1978:

This case comes before us on appeal from a decision of the Court of Common Pleas of Philadelphia County which directed the Philadelphia Department of Licenses and Inspections (Department) to issue a certificate to the appellee for the construction of an addition to a nursing home. The Zoning Board of Adjustment (Board) had refused the requested certificate, which is in the nature of a special exception. We affirm the lower court.

Appellee operates a nursing home known as Pennypack Manor in an area of Philadelphia zoned "R-5 Residential." Rest, old age and nursing homes are expressly permitted in an R-5 area provided a Board certificate is obtained. Under Section 14-1803(2) of the Philadelphia Code (Code), an applicant for a Board certificate has the duty of presenting evidence to show he meets the criteria which the Board must consider in granting a certificate. Section 14-1803(1) of the Code enumerates these criteria, including, *inter alia*, whether the grant of the certificate will increase traffic congestion, pose a fire hazard, or adversely affect the public health, safety, or general welfare.

Pennypack Manor currently has a 56 bed capacity. Appellee seeks to obtain a certificate for the construction of a two-story addition which would increase the capacity of the nursing home to 126 beds. The Department initially denied the appellee's application for a zoning permit, finding that the parking area for the new addition had a proposed setback from Lawndale Avenue of only four feet instead of the required eight feet. Appellee then appealed to the Board, which denied appellee's request for a certificate. With respect to the setback, the Board reaffirmed the Department's findings regarding the setback violation and found that appellee had failed to demonstrate unnecessary hardship or any of the other requirements

for a special exception. Noting substantial opposition to the appellee's project from the appellant and other neighborhood residents, the Board found that the appellee had failed to meet the criteria set forth in Section 14-1803(1) of the Code relative to the granting of a certificate.

The trial court, which took additional evidence, decided the case de novo and ordered that the certificate be granted. The trial court specifically found that the appellee had "presented substantial, persuasive and extensive evidence relating to all the criteria to be considered by the Board in granting a certificate and accordingly met the burden imposed upon it by law." On the other hand, the lower court concluded that those who opposed granting the certificate had failed to carry their burden of demonstrating that the grant of a certificate would harm the health, safety and general welfare of the public. The trial court also reversed the Board regarding the matter of the set back, since it admitted into evidence a report from the Department that it had withdrawn its objection to the appellee's planned expansion. The plans initially submitted by the appellee incorrectly showed only a four foot setback, and upon reexamination by the Department it dropped its objection and found that the appellee was not in violation of the setback requirements.

Three issues have been raised by appellant in his appeal. First, appellant contends that the lower court should not have received into evidence testimony as to the Department's removal of its objection to the appellee's plan. He argues that he should have been allowed to appeal the Department's action to the Board before the lower court could give the matter any consideration. This contention is without merit. The lower court is expressly authorized by statute to receive additional evidence, and decide the case de

novo. Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11010. Also, accepting appellee's argument would inflict needless delay into this proceeding, since we fail to see how any different result could be reached if this issue were to be sent back to the Board for decision. Finally, we note that testimony was presented to the Board which demonstrated that there was no setback violation, but the Board apparently chose to reject it.

Appellant next contends that the lower court erred in placing the burden of proof regarding possible detriment to the public health, safety and general welfare upon those opposing the certificate rather than upon the appellee. We see no error in this regard.

The Code specifically provides that an applicant has the duty of presenting evidence relative to the criteria for the granting of a certificate. *Marwood Rest Home, Inc. v. Zoning Board of Adjustment*, 22 Pa. Commonwealth Ct. 567, 349 A.2d 800 (1976); *Zoning Board of Adjustment v. Liberty Bell Medical Center*, 17 Pa. Commonwealth Ct. 213, 331 A.2d 242 (1975). Such a result is consistent with the nature of a special exception, for as was stated by Judge CRUMLISH, JR., in *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 470-71, 290 A.2d 715, 718 (1972):

> The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances.

The final contention of appellant is that several of the criteria necessary for the granting of a certificate have not in fact been met by appellee. First, he alleges that the grant of an exception will substantially increase congestion in the public streets. The burden which appellant must carry to sustain this allegation is indeed a heavy one. Our Supreme Court in *Archbishop O'Hara's Appeal*, 389 Pa. 35, 54, 131 A.2d 587, 596 (1957), stated that "[i]t is not *any* anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community." (Emphasis in original.) Our careful review of the record in this case convinces us that the trial court had a proper basis for holding that the appellant has not carried his burden in this regard.

Appellant next contends that the proposed expansion project will increase the danger of fire. Again, the record supports the trial court's finding no merit in this argument, mainly because it relies substantially on the assertion previously discussed that the addition to the nursing home would increase traffic congestion in the neighborhood. Similarly, in light of our rulings on the issues of fire and traffic, we cannot accept appellant's contention that the project under consideration will generally have an adverse affect on the public health, safety and welfare.

Accordingly, we will enter the following

ORDER

AND Now, May 22, 1978, the decision of the Court of Common Pleas of Philadelphia County, at No. 1841 September Term, 1974, dated June 18, 1976, is affirmed.