517 A.2d 221

In the Matter of Erie County Tax Claim Bureau Sale of Seated Lands and/or Mobile Homes for Unpaid Real Estate Taxes for the Years 1981 and Prior. J. H. Trussell and Emma Trussell, Appellants.

Argued October 7, 1986, before Judges MACPHAIL, COLINS and PALLADINO, sitting as a panel of three.

George M. Schroeck, with him, Albert E. Wehan, III, Schroeck, Segel & Murray, P.C., and Howard L. Rubenfield, for appellants.

Ted G. Miller, Assistant County Solicitor, with him, William G. Sesler, Sesler & Belott, for appellees.

OPINION BY JUDGE COLINS, November 7, 1986:

James H. Trussell and Emma Trussell (appellants) appeal the order of the Court of Common Pleas of Erie County directing that the tax sale at which they purchased real estate be set aside and the property reposted for sale, subject to the statutory right of the previous owners to redeem the property prior to resale. We affirm.

On September 12, 1983, the Erie County Tax Claim Bureau (Bureau) conducted its annual sale of properties for delinquent real estate taxes. This sale was conducted pursuant to Section 601 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.601.[1] At this sale, a parcel owned by Martin C. Baker and Frankie L. Baker, husband and wife, was sold to appellants. The upset price for this property was $609.52, and the bid price was $8,700.00. On October

---

[1] We note that Section 601 of the Act was recently amended by Section 601 of the Act of July 3, 1986, P.L.     , Act No. 1986-81. We decide this case, however, under the terms of the Act as of September 12, 1983, the date on which the tax sale occurred.

25, 1983, the taxpayers filed objections to the Bureau's return to court for the confirmation of such sale.

The subject parcel is located in Girard Township, Erie County, Pennsylvania. The sale of the property was advertised in the "Erie County Legal Journal," the "Erie Morning News," and the "Erie Daily Times" on August 12, 1983. Notice of the tax sale was mailed to Frankie Baker on July 8, 1983, by certified mail, and signed for by Mrs. Baker on July 11, 1983. Subsequent to the sale, a post-sale notice was sent to Mr. and Mrs. Baker and signed for on September 22, 1983. This notice advised the Bakers that their property had, in fact, been sold on September 12, 1983.

Albert Verno, an employee of the Erie County Assessment Bureau who was deputized and working on behalf of the Bureau, testified that he posted a notice of tax sale on the subject property on Sunday, August 14, 1983. The parties disagree over the question of whether the Bureau correctly posted notice on the property. However, all agree, and implicit in the trial court's opinion is the finding that the notice was posted, that someone removed the notice, and that the eventual purchasers, the appellants, retained possession of the posted notice for at least six days prior to the sale.[2]

In the trial court, the taxpayers had argued that the sale should be invalidated due to their claim that the tax had been paid,[3] that the notice served on them was in-

---

[2] J. H. Trussell, appellant, testified that on September 6, 1983, a neighbor tore the notice off the stake, crumpled it up, and threw it on the ground, and that he immediately picked up the notice and kept it in his possession until the sale. However, this neighbor appeared in court and categorically denied ever tearing down the notice. The trial court never made a specific finding as to how the notice came into the appellants' possession, merely that it was in their possession for six days prior to the sale.

[3] Testimony indicated that the taxpayers had attempted to stay the tax sale by mailing a check to the tax collector for Girard Township rather than following the correct procedure of mailing a check to the Bureau directly.

sufficient, and that the appellants should be estopped from retaining the property due to their prior acts designed to conceal or hide the posted notice of sale. Since we affirm the order of the trial court based on our decision regarding the effect of the appellants' having retained possession of the posted notice for six of the ten days prior to sale, we need not reach the other issues.

A valid sale requires strict compliance with the notice provisions of Section 602 of the Act, 72 P.S. §5860.602, which include posting the property, publication, and certified mail. "All three types of notice . . . are required for a valid tax sale; if *any* is defective, the sale is void." *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 614, 411 A.2d 837, 838 (1980) (emphasis added).

There is little utility in having a posting requirement for public sales if we allow the eventual purchaser to retain the posted notice for six days prior to the sale. One of the historical purposes of posting has been to notify the public at large of the existence of the sale, such that any interested parties would have an opportunity to participate in the auction process. In the instant matter, this legislative mandate was frustrated by the actions of the successful bidders. We note that Section 602(e)(3) of the Act specifically calls for posting on the property at least ten days before the date of the sale.

It is well-settled that the legislature is presumed not to have intended provisions in its laws as mere surplusage and, hence, courts must construe a statute, if possible, so as to give effect to every word, sentence or provision thereof. *Masland v. Bachman,* 473 Pa. 280, 291, 374 A.2d 517, 522 (1977).

We must emphasize that by our decision in this matter, we are not imposing an affirmative duty on local tax bureaus to monitor posted sale notices on a daily basis

prior to sale. However, where, as here, there is clear evidence of record that the person who interfered with the notice requirements of Section 602 is also the eventual purchaser, we must disallow the sale.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, November 7, 1986, the order of the Court of Common Pleas of Erie County, No. 3645-A-1983, dated November 29, 1984, is hereby affirmed.