**WESTINGHOUSE ELECTRIC CORPORATION d/b/a KDKA Radio and Pittsburgh Cellular Telephone Company, d/b/a Cellular One,**

v.

**COUNCIL OF TOWNSHIP OF HAMPTON, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1996.

Decided Dec. 19, 1996.

John R. Luke, Pittsburgh, and Thomas H. Ayoob, III, Pittsburgh, for appellant.

James H. Roberts, Pittsburgh, for appellees.

Before KELLEY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Council of Hampton Township (Council) appeals from the order of the Court of Common Pleas of Allegheny County that reversed the denial of a conditional use application made by Westinghouse Electric Corporation, d/b/a KDKA Radio and Pittsburgh Cellular Telephone Company, d/b/a Cellular One (collectively, Cellular One). We affirm.

Cellular One applied for conditional use approval to construct a 150–foot steel telephone pole and equipment shelter for cellular telephone service on property owned by KDKA in the Township. The property consists of 70 acres in a Residential A Zoning District (RA District). Towers measuring 700, 300 and 100 feet, as well as a satellite link exist on the property. Such structures are permitted in the RA District as a conditional use. The Township's Environmental Advisory Council and Planning Commission recommended approval to the Council.

Council held a hearing where Cellular One presented evidence that its tower met the proposed requirements for a conditional use and several residents (Objectors) testified regarding health, safety and welfare concerns. Several articles were submitted regarding the unknown effects of radio-frequency emissions. Objectors also complained of the existing poor aesthetics of the site and that the proposed tower would only add to the present situation. Based on this testimony, Council denied the application and held that Cellular One did not meet the criteria for being considered a "public utility," as set forth in *Hawk v. Zoning Hearing Board of Butler Township*, 152 Pa.Cmwlth. 48, 618 A.2d 1087 (1992).

On appeal, the trial court reversed, holding that Cellular One had met the requirements for a conditional use and that Objectors' evidence did not demonstrate "to a high degree of probability that the use will adversely impact on the public interest; the mere possibility of adverse impact is not enough," quoting from *Brentwood Borough v. Cooper*, 60 Pa.Cmwlth. 462, 431 A.2d 1177, 1179 (1981). The trial court also held that Cellular One did meet the definition of "public utility," as set forth in the Hampton Township Zoning Ordinance (Ordinance).

■ On appeal to this Court,[1] Council argues that the trial court erred as a matter of law in holding that Cellular One met the definition of "public utility," as defined in the Ordinance and that Cellular One did not meet the primary criteria for a conditional use.

■ Council first asserts that Cellular One is not a "public utility," as defined by Section 5.109 of the Ordinance and thus, the proposed cellular tower and equipment building are not allowed in the RA District.[2] The Ordinance defines "public utility" as a "service distributing water, gas, electricity, etc., or collecting sewage by means of a network of overhead or underground lines and requiring at various locations to maintain efficiency of the system pumping, regulating, transformer, switching, and other devices." Section 5.109 of the Ordinance. The Township held that because there is no "network of overhead or underground lines" with cellular phone service that the definition did not include the use proposed by Cellular One. We do not agree.

First, although Council's definition does not specifically include a cellular telephone company, the use of the term "etc." evidences the drafters' intention to include uses not specifically enumerated. Second, Council did not present any evidence which supports its position that Cellular One does not use a "network of overhead or underground lines" for distribution. Cellular One, to the contrary, established that calls from cellular phones are sent to a central computer switch called the Mobile Telephone Switching Office (MTSO). The MTSO interconnects the cellular phone transmission with the local land line telephone company which completes the call through traditional telephone lines. (231a–232a.) Based on this evidence, the trial court concluded that cellular telephone services provided by Cellular One utilize and in fact, require a "overhead or underground

lines" for distribution. Therefore, we hold that the trial court properly found that Cellular One met the definition of a "public utility" as set forth in the Ordinance.

■ It has been the law in Pennsylvania for years that a conditional use is a use "which the governing authority has determined is not adverse in and of itself to the public interest." *Susquehanna Township Board of Commissioners v. Hardee's Food Systems,* 59 Pa.Cmwlth. 479, 430 A.2d 367 (1981). Once the applicant has demonstrated compliance with the standards set out in a zoning ordinance, a permit must be granted, unless objectors prove with competent evidence that the proposed use will have a detrimental effect on the health, safety or welfare or will conflict with expressions of general policy contained in the ordinance. *Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa.Cmwlth. 1, 412 A.2d 647 (1980).

■ Council's decision denied the application on the basis that Cellular One did not meet the objective requirements of Section 12.130 of the Ordinance which states:

> The written submission shall demonstrate that the development for which the conditional use is sought will meet the primary criteria outlined below:
>
> a) will not endanger the public health, safety and welfare, if located where proposed and will not deteriorate the environment or generate nuisance conditions such as traffic congestion, noise, dust, smoke, glare and vibration;
>
> *        *        *        *        *        *
>
> c) is in general conformity and in harmony with the area in which it is proposed.

Council's decision refers to findings that the effects of exposure to radio-frequency "radiation" are unknown based upon submitted articles, and thus, the proposed cellular opera-

---

1. Because the trial court received no additional evidence, our scope of review is to determine whether the ZHB abused its discretion, committed an error of law or made findings of fact which were not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

2. Article 8.334 of the Ordinance permits as conditional uses in the RA District: "municipal and public utility service buildings, structures and facilities serving an area greater than the immediate vicinity if sited on a property and designed to be compatible with surrounding development."

tion proposes "possible health hazards." However, the trial court found these findings not to be supported by substantial evidence when it reviewed these articles and found that none of them drew a conclusion remotely adverse to the type of use considered.

In raising "possible" health concerns posed by the Cellular One facility, Council did so despite the fact that it currently leases property, adjacent to the Township building and overlooking the Township's athletic fields, to Cellular One's competitor, Bell Atlantic Mobile Systems.[3] Further, as we noted in *Bell Atlantic Mobile Systems, Inc. v. Zoning Hearing Board of the Township of O'Hara,* 676 A.2d 1255 (Pa.Cmwlth.1996), 47 U.S.C. § 332(c)[4], provides in pertinent part that:

> No State or local government or instrumentality thereof may regulate the placement, construction and modification of personal wireless service facilities on the basis of the environmental effects of radio-frequency emissions to the extent that such facilities comply with the [Federal Communication] Commission's regulations concerning emissions.

Thus, we hold that the trial court did not err in holding that the safety concerns enunciated by Objectors did not defeat the conditional use applied for by Cellular One.

■ Finally, the Township found that the cellular facility was not in conformity and harmony with the surrounding area rationalizing, that "many of the residents complained of the existing poor aesthetics of the site and stated that the proposed tower would only add to the present situation." (245a.) Aesthetics alone has never served as an adequate reason to deny a property owner the legal use of his property. *White Advertising Metro, Inc. v. Zoning Hearing Board,* 70 Pa.Cmwlth. 308, 453 A.2d 29 (1982). Therefore, we hold that the trial court did not err in its determination here.

Accordingly, we affirm.

3. Bell Atlantic Mobile currently operates a cellular facility virtually identical to that proposed in Cellular One's conditional use application. (25a–26a; 115a.)

4. Although 47 U.S.C. § 332(c), was not before Council at the time it denied Cellular One's application and the trial court did not consider its

*ORDER*

AND NOW, this 19th day of December, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

application, we must note the importance of the statute for future applications. Even without the direction of 47 U.S.C. § 322(c), the trial court properly held that the Objectors had not met their burden of proving a high degree of probability that the use would adversely impact on the public interest.