AWACS, INC. d/b/a Comcast
Metrophone, Appellant,

v.

ZONING HEARING BOARD OF NEW-TOWN TOWNSHIP, DELAWARE COUNTY, and Rose Marie Tittermary.

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.
Decided Nov. 17, 1997.

Randall C. Schauer, West Chester, for appellant.

Bruce A. Irvine, Media, for appellee, ZHB Newtown Tp.

John A. Prodoehl, Media, for appellee, Rosemarie Tittermary.

Before FLAHERTY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

AWACS, Incorporated, d/b/a Comcast Metrophone (Comcast), appeals a Delaware County Court of Common Pleas order upholding a decision of the Newtown Township Zoning Hearing Board (Board) to deny its request for a building permit or special exception permit.

In April 1995, Comcast applied for a building permit to install twelve mobile phone antennae on the roof of Newtown Towers, an apartment building of some 18 stories, at 3400 West Chester Pike in Newtown Township. Newtown Towers is located in the Township's A–O (apartment/office) zone. The application was denied as an unpermitted use and as not accessory to a permitted use. Comcast filed an appeal to the Board, which upheld these denials and also denied Comcast's request for a special exception.

The antennae are four to five feet high and hold transmitters and receivers for Com-

cast's wireless phone service. They are apparently necessitated by the growing demand for such service and by the rise in incidents of transmission complaints from customers using the service along the West Chester Pike corridor. The antennae would be anchored in each of the corners on top of Newtown Towers, which, in addition to apartments, contains offices on the ground floor. Comcast would also install an electronic equipment room on the ground floor.

Comcast supplies mobile phone service under a license granted to it by the Federal Communications Commission (FCC) and is subject to regulation by that body. Although the FCC has regulatory authority over mobile phone service providers, it has determined that it is not necessary to promulgate extensive regulations and has waived tariff filing requirements.

When the Board denied its application, Comcast appealed to the common pleas court. That court concluded that, since the Pennsylvania Public Utility Code, 66 Pa. C.S.A. § 102(2)(iv), expressly excludes mobile domestic telecommunication systems from its regulation as public utilities, Comcast's application was not exempted from zoning regulation by Section 619 of the Pennsylvania Municipalities Planning Code,[1] 53 P.S. § 10619, which essentially states that zoning ordinances shall not apply to public utilities. The Court also concluded that Comcast not was exempted as a public utility by any specific terms of the township ordinance itself. It held that Comcast's application was neither for an accessory use nor for a permitted use as a special exception.

■ Comcast now appeals to this Court and challenges as erroneous the common pleas court's conclusions that Comcast was not exempt from zoning regulations as a public utility simply because the Public Utility Code excludes mobile phone carriers from its definition of the term; that the towers themselves were not accessory uses; and that the towers were not allowable as special

exceptions. Finally, Comcast assigns error to the court's decision to uphold the Board's decision because, Comcast argues, the Telecommunications Act of 1996, Pub.L. 104–104, 110 Stat. 56, 47 U.S.C. § 151(1997), prohibits discriminatory or absolutely prohibitive local regulation of wireless phone service, and enjoins such regulation based on purported environmental effects.[2]

■ On the first issue Comcast raises—whether wireless mobile telephone systems, though excluded from the Public Utility Code's definition of the term, are nonetheless public utilities exempt from zoning regulation—we note at the outset that this Court has had occasion to address the question recently in *Bell Atlantic Mobile Systems, Inc. v. Zoning Hearing Board of O'Hara Township*, 676 A.2d 1255 (Pa.Cmwlth.1996). There we held that a mobile phone service provider was not a public utility so as to entitle it to an ordinance exemption to erect antennae in a residential district, where the applicable zoning ordinance did not define the term "public utility." Our Supreme Court, at 547 Pa. 458, 691 A.2d 458 (1997), has granted a petition for allowance of appeal from our decision in that case, limiting the issue to "what test should be applied to determine whether a business entity is a public utility for zoning purposes where the zoning ordinance does not define that term." Here, because the Newtown Township zoning ordinance also does not define the term "public utility," it is apparent that the Supreme Court's decision in *Bell Atlantic v. O'Hara Township* will control the answer to the same question in this case.

In *O'Hara Township*, the appellant Bell Atlantic Mobile Systems, Incorporated, argued that it was a public utility, providing "essential services" and was thus exempt from variance requirements under the local ordinance as a permitted accessory use. In our decision, we held that Bell Atlantic was not a public utility for zoning purposes in the

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101—11202.

2. Where, as here, the trial court takes no additional evidence in a zoning appeal, our scope of review is limited to determining whether the

zoning board committed an error of law or manifestly abused its discretion. *Borough of Fleetwood v. Zoning Hearing Board of the Borough of Fleetwood*, 538 Pa. 536, 649 A.2d 651 (1994).

township, finding that the Public Utility Code did not include it as such and the township ordinance did not contain a definition of the term, though the ordinance did permit "essential services," including "public utilities," in the residential zone where Bell Atlantic sought to erect antennae. We declined to create a new definition of the term, applied the definitional provisions of the Public Utility Code, and concluded the Bell Atlantic Mobile Systems was not a public utility.

Comcast contends that this case is controlled by *Hawk v. Zoning Hearing Board of Butler Township,* 152 Pa.Cmwlth. 48, 618 A.2d 1087 (1992), an earlier decision of this Court, where we found that a mobile phone service provider was a public utility for zoning purposes. However, we distinguished *Hawk* in *O'Hara Township,* noting that the ordinance in question in *Hawk* not only defined the term "public utility" but did so in a manner that included the zoning applicant, in that case Bell Atlantic Mobil Systems as well.

As in *O'Hara Township,* but in contrast to *Hawk,* the ordinance here contains no separate definition of "public utility." Until such time as contrary authority is handed down, we follow our *O'Hara Township* decision and hold that Comcast is not exempt as a public utility for purposes of zoning regulation in Newtown Township.

■■■■ We next address Comcast's alternative argument that the court erred in failing to find that the towers were an accessory use. It has been stated that an accessory use is a use subordinate to and customarily incidental to the principal use. Once something is defined as an accessory use, it is allowed by right. *Sateach v. Beaver Meadows Zoning Hearing Board,* 676 A.2d 747 (Pa.Cmwlth.1996). In order to establish that right, an applicant must prove that the use sought is secondary to a principal use and that the use is usually found with that principal use. *Upper Saucon Township v. Zoning Hearing Board of Upper Saucon Township,* 136 Pa.Cmwlth. 370, 583 A.2d 45 (1990). Here, the principal use of the apartment building on which the antennae were to be erected is, of course, residential. The use to which Comcast would put these antennae is a business use. The antennae would serve Comcast's customers in the area, regardless of where they live, not Newtown Towers residents alone. In fact, the antennae would not necessarily serve *any* residents of the building, unless they chose to become Comcast subscribers. In this sense, the antennae are unlike, for example, a television antenna on top of an apartment building that serves the tenants of that building as an incident to their residential use. The antennae may be a necessary part of Comcast's business use, but they are in no manner incident, subordinate or secondary to Newtown Towers' use, and may even lack a connection at all, if no Comcast subscribers reside there. Thus, we perceive no error in the finding that Comcast was not entitled to erect the towers as a use accessory to the residential use of Newtown Towers.

■■■■ As to Comcast's argument that the use should have been allowed as a special exception, we refer first to the well settled principle that a special exception is not a true exception to a zoning ordinance but is a use permitted conditionally, one to which an applicant is entitled unless it is determined, according the standards set forth in the ordinance, that the proposed use would adversely affect the community. *Hawk.* We refer next to the zoning ordinance itself, Article 1354, governing the Township's Apartment/Office District. Section 1354.04(g) provides:

> The Zoning Hearing Board may, as a special exception, permit the use of a building containing both apartments and service offices using as standards and guides generally the requirements of this Zoning ordinance, and specifically the requirements of this article.

As noted, Comcast would build an unoccupied electronic equipment room on the first floor of the building. Employees would visit the room from time to time for maintenance, and it would house electronic equipment connected to the antennae on the roof. The ordinance does not define the term "service office" but, in its ordinary common usage, "office" refers to a place where a business is transacted or a service is supplied. "Service office building" is defined in the ordinance as "a building containing sales or business offices or the offices of a bank, doctor, dentist,

physician, mortician, surgeon, optician, attorney, real estate broker, insurance broker, accountant, tax consultant, Justice of the Peace, teacher, architect, engineer, draftsman, artist and no other." Newtown Township Ordinance, § 1321.25. It is readily apparent, then, that the unoccupied electronic equipment room and connected antennae that Comcast proposed are well outside the definition of service office, either as that term is commonly understood or as we think the township ordinance intended it. Thus, we perceive no error in the conclusion that Comcast's proposed use was not permitted as a special exception.

 Comcast last argues that the trial court erred in affirming the Board's decision because it was in violation of the federal Telecommunications Act of 1996, which prohibits the Township from regulating the placement and construction of personal wireless services on the basis of environmental effects, and prohibits as well regulation that has a prohibitive or discriminatory effect.

That act in pertinent part provides,

**(7) Preservation of local zoning authority**

 **(A) General Authority**

Except as provided in this paragraph, nothing in this Act shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction and modification of personal wireless service facilities.

 **(B) Limitations**

 **(i)** The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof-

 **(I)** shall not unreasonably discriminate among providers of functionally equivalent services; and

 **(II)** shall not have the effect of prohibiting the provision of personal wireless services.

 . . .

 **(iv)** No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions. . . .

47 U.S.C. § 332(c)(7)(A)(B).

Comcast contends that the Board was preempted by this federal statute from considering environmental effects in acting on its special exception application. Because the Board expressly referred to such effects in its denial, Comcast argues, the common pleas court should have reversed that decision. However, since, as the foregoing discussion makes clear, the use Comcast proposed did not in the first place constitute a special exception use, any consideration of the adverse effects of that use—environmental or otherwise—was superfluous and therefore harmless at most. Further, we do not find any discriminatory effect or absolute prohibition in the Board's decision. That Comcast now receives customer complaints about transmission breakups in this high density area, and anticipates more without additional antennae, is not grounds to find that the denial of a permit for additional facilities atop *this* building has the effect of prohibiting services in the township.

We perceive no error of law or abuse of discretion by the Board in its decision. We therefore affirm the common pleas court's order upholding that decision.

### ORDER

AND NOW, this 17th day of November, 1997, the November 6, 1996 order of the Delaware County Common Pleas Court, at No. 96–4911, is hereby affirmed.