Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission *v.* WVCH Communications, Inc., a Pennsylvania Corporation, Appellant. Township of Middletown, Intervening Appellee.

Argued December 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph A. Damico, Jr.,* with him *Fronefield, DeFuria and Petrikin,* for appellant.

*Alfred N. Lowenstein,* Assistant Counsel, with him *Peter W. Brown,* Counsel, for appellee.

*Thomas J. Beagan, Jr.,* with him *Timothy B. Barnard,* for intervening appellee.

OPINION BY JUDGE KRAMER, February 11, 1976:

This is an appeal by WVCH Communications, Inc. from an order of the Pennsylvania Public Utility Commission (PUC). The PUC's order denied WVCH's application for a decision holding that the construction of a broadcasting tower and transmitter building in Middletown Township was reasonably necessary for the convenience or welfare of the public, within the meaning of the Township's Zoning Ordinance and Section 619 of the Pennsylvania Municipalities Planning Code (MPC).[1] The PUC concluded that WVCH was not a public utility corporation, and that, therefore, the PUC lacked jurisdiction. We hold that WVCH is not a public utility corporation and affirm.

WVCH is a Pennsylvania corporation and the equitable owner of a broadcasting license issued by the Federal Communications Commission (FCC). The existing broadcasting station is located in the City of Chester, and, because of technical engineering and land use interference at its present location, WVCH seeks to relocate its broadcasting tower and transmitter building. It proposes to construct a 282 foot high tower on 10.281 acres of land in Middletown Township. WVCH is the equitable owner of the land under an agreement to sell dated November 30, 1973. The land is zoned R-1 and R-2 Residential and a radio tower is not a permitted use in either an R-1 or

_____

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10619.

R-2 District. No efforts were made, either by the owners of the land or by WVCH, to seek approval of such a land use on the subject property, either under the subdivision ordinance or zoning ordinance of the municipality. Instead, WVCH filed an application with the PUC pursuant to Section 619 of the MPC[2] and Section 1200 of the Township's Zoning Ordinance.[3]

The sole issue before us is whether WVCH, as a radio broadcasting company, is a "public utility corporation" under the provisions of Section 619 of the MPC and Section 1200 of the Township's Zoning Ordinance.[4] WVCH argues that the term "public utility corporation" in Section 619 of the MPC should not be strictly limited by the definition of public utility in the Public Utility Law.[5] WVCH urges us to hold that it is a "public utility

---

2. Section 619 of the MPC, 53 §10619 reads as follows:
"This article shall not apply to any existing or proposed building, or extension thereof, used or to be used by a *public utility corporation*, if, upon petition of the corporation, the Pennsylvania Public Utility Commission shall, after a public hearing, decide that the present or proposed situation of the building in question is reasonably necessary for the convenience or welfare of the public." (Emphasis added.)

3. Section 1200 reads in pertinent part as follows:
"This ordinance shall not apply to any existing or proposed building or extension thereof, used or to be used by a *public utility corporation*, if upon petition of such a corporation, the Pennsylvania Public Utility Commission shall, after public hearing, decide that the present or proposed situation of the building in question is reasonably necessary for the convenience and welfare of the public. . . ." (Emphasis added)

4. WVCH attempts to raise an issue concerning the constitutionality of the Township's Zoning Ordinance. This issue may not be raised in an application to the PUC pursuant to Section 619 of the MPC. If WVCH wishes to obtain a variance or challenge the validity of the zoning ordinance, it must do so pursuant to the procedures set forth in the MPC.

5. *See* Section 2(17) of the Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1102(17).

corporation" because it is licensed by the Federal Communications Commission and because it renders a service in the public interest.

Our Legislature has defined the term "public utility corporation" in different ways in different statutes, and has used the term to encompass more than just those corporations subject to regulation by the PUC.[6] We agree with WVCH that the term "public utility corporation," in Section 619 of the MPC, was intended by the Legislature to encompass all public utility corporations, rather than just those corporations subject to regulation by the PUC.

We cannot agree, however, that a radio broadcasting station is a "public utility corporation." The mere fact that an industry serves a public interest does not mean that it becomes a public utility.[7] Our Supreme Court has held that:

"The distinctions between a public utility and a business entity which is not a public utility are well known. For example, a public utility holds itself out to the public generally and may not refuse any legitimate demand for service, while a private business independently determines whom it will serve. 43 Am. Jur. Public Utilities and Services, §2 (1942); 73 C.J.S. Public Utilities §1 (1951)." *Commonwealth v. Lafferty,* 426 Pa. 534, 550, 233 A.2d 256, 260 (1967).

Federal law recognizes that a radio broadcasting station is not a common carrier,[8] and it is clear that such a station is "not a public utility in the sense that it must

---

6. *See* Section 2(b) of the Public Utility Realty Tax Act, of March 10, 1970, P.L. 168, *as amended,* 72 P.S. §3272(b) and Section 2(14) of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended,* 15 P.S. §1002(14).

7. *United States v. Cronenweth Dairy Co.,* 102 F. Supp. 364 (W.D. Pa. 1951).

8. *See* Section 3(h) of the Communications Act of 1934, 47 U.S.C.A. §153(h).

permit broadcasting by whoever comes to its microphones."[9]

In *MCI, Inc. v. Zoning Hearing Board*, 35 Lehigh 200 (1973), the Court of Common Pleas of Lehigh County held that a corporation, authorized by the FCC to operate a *common carrier* microwave communications system, was a "public utility corporation" under a township zoning ordinance. We believe the *MCI* decision was correct, but WVCH is not a common carrier such as was involved in that case.

The fact that WVCH serves the public interest and is regulated to some extent by the FCC does not make it a "public utility corporation." In order to qualify as a public utility corporation WVCH would have to prove that it is required by law to (1) serve all members of the public upon reasonable request; (2) charge just and reasonable rates subject to review by a regulatory body; (3) file tariffs specifying all of its charges; and (4) modify or discontinue its service only with the approval of the regulatory agency. There is nothing in this record to indicate that WVCH meets any of these criteria.

We hold that WVCH, a radio broadcasting station licensed by the FCC, is not a "public utility corporation" within the meaning of Section 619 of the MPC and Section 1200 of the Township's Zoning Ordinance. We therefore

## ORDER

AND NOW, this 11th day of February, 1976, the order of the Pennsylvania Public Utility Commission, adopted March 11, 1975, denying the application of WVCH Communications, Inc., filed pursuant to Section 619 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10619, is affirmed.

---

9. *McIntire v. Wm. Penn Broadcasting Co. of Philadelphia*, 151 Fed. 597, 601 (3rd Cir. 1945), *cert. denied*, 327 U.S. 779 (1946).