**AWACS, INC., d/b/a Metrophone,**
**Appellant,**

v.

**WARWICK TOWNSHIP ZONING**
**HEARING BOARD and**
**Warwick Township.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.
Decided March 24, 1995.

William E. Benner, for appellant.

John B. Rice, for appellees.

Before McGINLEY and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

McGINLEY, Judge.

AWACS, Inc., d/b/a Metrophone (Metrophone) appeals from an order of the Court of Common Pleas of Bucks County (common pleas court), affirming the Warwick Township Zoning Hearing Board's (ZHB) denial of Metrophone's application for zoning and building permits.

On November 18, 1992, Metrophone, a private corporation providing cellular telephone services to the public, filed a building and zoning permit application with Warwick Township (Township) to construct "an unmanned cellular telephone equipment facility" for its cellular communications system. Application for appeal to ZHB, March 31, 1993, at 3; Reproduced Record (R.R.) at A–297. The proposed construction consists of a four hundred and eighty square foot one story building, together with a one hundred and sixty foot self supporting tower.[1]

·The proposed site is part of a 4.03 acre lot carved from the Stover Industrial Park subdivision of early 1985. The lot is now known as Mearns Road Industrial Park and it is located in a limited industrial (L–I) zoning district of the Township. The lot is developed with a 40,000 square foot building which houses sixteen small businesses.

On March 12, 1993, a zoning officer denied Metrophone's application finding: (1) that the proposed construction constituted a "telephone central office" and was not a permitted use in an L–I district pursuant to Section 195–78 of the Warwick Township Zoning Or-

---

1. The initial application filed November 18, 1992, requested a permit to build a one hundred and twenty foot tower. The application was revised on November 24, 1992, to reflect a tower height of one hundred and seventy feet. On December 14, 1992, the application was further revised resulting in the current proposed tower height of one hundred and sixty feet.

dinance (Ordinance) [2]; and (2) that the tower exceeded the height limitation imposed by the Ordinance. Decision of the Deputy Zoning Officer, March 12, 1993, at 1; R.R. at A–10.

Metrophone appealed the zoning officer's decision to the ZHB.[3] After conducting hearings on the matter, the ZHB found that the zoning officer erred in concluding that the proposed use constituted a "telephone central office". Instead, the ZHB determined that the proposed use was a "public utility" and was a permissible use in an L–I district. Decision of the ZHB, September 1, 1993, at 5; R.R. at A–16. The ZHB then concluded that Metrophone's application was appropriately denied by the zoning officer because the proposed use constituted a second use on the property in violation of Section 195–133 of the Ordinance.[4] *Id.* at 5–6; R.R. at A–16–A–17.

Metrophone filed a timely appeal from the ZHB's decision to the common pleas court challenging the ZHB's authority to deny Metrophone's application on the basis of a section of the Ordinance which was not relied upon by the zoning officer and never specifically cited or addressed in the hearings before the ZHB. The Township intervened and filed a cross appeal challenging the ZHB's findings that the proposed use was a "public utility" and a permitted use in an L–I district. Hearing no additional evidence, the common pleas court concluded that the ZHB "committed an error of law and an abuse of discretion in determining that the proposed

use was not as a telephone central office...." Opinion and Order of the Common Pleas Court (common pleas court opinion), March 8, 1994, at 9. Although the common pleas court disagreed with the ZHB's classification of the proposed use it affirmed the ZHB's final decision denying Metrophone's application. *Id.*

■ Before us, Metrophone raises the following issues: (1) whether the common pleas court committed an error of law or an abuse of discretion by finding that the proposed use constitutes a "telephone central office" and is not a permitted use in an L–I district; and (2) whether the ZHB committed an error of law or an abuse of discretion by denying Metrophone's appeal for reasons not relied upon by the zoning officer. In zoning appeals where the common pleas court takes no additional evidence, this Court's scope of review is limited to determining whether the ZHB committed an error of law or a manifest abuse of discretion. *Isaacs v. Wilkes–Barre City Zoning Hearing Board*, 148 Pa.Commonwealth Ct. 578, 612 A.2d 559 (1992).

■ Initially, Metrophone contends that the common pleas court erred when it overturned the ZHB's determination that the proposed use constitutes a "public utility" and is a permitted use in an L–I district. Metrophone maintains that it is a "public utility" because it is a private corporation organized and existing for the distribution and sale of communication services.

2. References to sections of the Warwick Township Zoning Ordinance are to the recodified version of the Ordinance. The Ordinance sections at issue did not change substantially under recodification; however, new numbers were assigned in the recodified version. Metrophone's application was filed before the recodified version of the Ordinance was published, hence, the reproduced record and decisions of the lower tribunals may contain references to section numbers different from those cited in this Court's opinion.

3. During the ZHB's hearings, the parties entered into stipulations that eliminated two of the issues presented to the ZHB. Metrophone originally contended that they were entitled to a deemed approval because their application was denied more than 90 days from the date it was filed. However, evidence presented during the hearings established that the application was modi-

fied after the original filing date; hence, the zoning officer's denial was timely. The second stipulation involved the Township's concession that the zoning officer erred in applying the height limitation of the Ordinance. Thus, the single issue before the ZHB was whether the proposed use was a "public utility" or a "public utility building" (uses which Metrophone argues are permitted in the L–I district), or a "telephone central office".

4. Section 195–133 of the Ordinance provides in relevant part:

In all districts there shall be no more than one (1) use or principal building other than accessory buildings on each lot, except for those professional uses ... permitted ... provided the guidelines of Section 195–125 of this chapter are met.

Section 195–7 of the Ordinance provides the following definitions:

1. **Public Utility**—A private or municipal corporation organized and existing for the distribution and sale of water, electricity, communication services, gas, or the collection or disposal of sanitary waste or sewage in accordance with the laws of the Commonwealth of Pennsylvania or other appropriate governing body.

. . . .

3. **Public Utility Building**—A building or part of a building used for public utility purposes, provided that in agricultural or residential districts such use shall not include the transaction of business with the public, storage of materials, trucks or repair facilities or housing of repair crews.

4. **Telephone Central Office**—A building or a part of a building used for the transmission and exchange of telephone or radio telephone messages; provided that in Agriculture or Residential Districts, such use shall not include the transaction or business with the public, storage of materials, trucks, or repair facilities, or housing or repair crews.

In determining that the proposed use constitutes a "telephone central office" the common pleas court noted that the definition of a "public utility" includes a broad and diverse list of activities which differ in nature and their impact upon the community. Common pleas court opinion at 7. Recognizing that "[t]he ordinance nowhere provides for a specific use of a 'public utility' or a 'public utility building'", the common pleas court opined that a "public utility" represents "a generic type of activity …" rather than "a specific property use." *Id.* at 6–7. Hence, noting that a "telephone central office" is a permissible use in a C–1 zoning district, the common pleas court concluded that with regard to use classification, the proposed cell site constitutes a "telephone central office." *Id.* at 7. We agree and note further that although Metrophone "the corporation" may be a "private corporation organized and existing for the distribution and sale of communication services", the proposed cell site standing alone is not. Therefore, the proposed cell site cannot be classified as a "public utility".

Metrophone contends that it is an error of law to classify its proposed cell site as a "telephone central office" because a cell site does not facilitate the *exchange* of telephone messages. However, Section 195–7(4) does not require that a building be used to effectuate the actual signal exchange between two parties in order to be classified as a "telephone central office". By definition the building must only be "used for the transmission and exchange of telephone or radio telephone messages. . . ."

The record establishes that the caller "transmits" an electronic signal to a cell site which acts as an "exchange" and transmits the signal from the mobile phone user to the central office, and thereby supports a finding that a cell site is used for the "transmission and exchange" of telephone messages. We conclude therefore, that the common pleas court correctly determined that the ZHB erred by finding that the proposed use did not constitute a "telephone central office".

Section 195–78 of the Ordinance sets forth a list of industrial uses which are permitted in L–I districts and a list of uses which are not permitted in L–I districts. The list of permitted uses includes "any industrial use not specifically prohibited." Neither a "telephone central office" nor a "public utility" or "public utility building" is specifically permitted or prohibited under Section 195–78. Metrophone contends that as a "public utility", its proposed use is a permitted use in the L–I district. However, because we determined above that the proposed use constitutes a "telephone central office", Metrophone's argument fails.

As previously noted, a "telephone central office", unlike a "public utility" or a "public utility building", is a permitted use in at least one zoning district in the township. The fact that this use is specifically listed as a permitted use in another zoning district suggests that if a "telephone central office" was intended to be a permitted use in an L–I district, it would be listed as a specifically permitted use for that district. Because a "telephone central office" is not a specifically

permitted use in an L–I district we conclude that the common pleas court correctly determined that Metrophone's proposed use is not permitted on the property in question.

Accordingly, we affirm the decision of the common pleas court.[5]

### ORDER

AND NOW, to wit, this 24th day of March, 1995, the order of the Court of Common Pleas of Bucks County, at No. 93–8193, dated March 8, 1994, is affirmed.

DELLA PORTA, Senior Judge, concurs in the result only.

---

5. Because we concluded above that the proposed use is not a permitted use in the zoning district, we need not discuss Metrophone's second contention.