**PITTSBURGH CELLULAR TELE-PHONE COMPANY d/b/a Cellular One, and Shirley and Joseph Mason**

v.

**BOARD OF SUPERVISORS OF MARSHALL TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 1997.

Decided Dec. 23, 1997.

---

Robert A. Loch, Pittsburgh, for appellant.

James H. Roberts, Pittsburgh, for appellee.

Before COLINS, President Judge, and FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Board of Supervisors of Marshall Township (Board) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated March 13, 1997, reversing the Board's decision to deny conditional use and site plan approval for the use of subdivided property at 120 Wheatland Road in Marshall Township (Property). We reverse.

Pittsburgh Cellular Telephone Company, d/b/a Cellular One (Cellular One) and Shirley and Joseph Mason (Masons) (collectively, Ap-plicants) entered into a lease agreement whereby Cellular One agreed to lease a portion of Masons' Property for transmitting and receiving cellular telephone calls. Subsequently, Applicants submitted to the Board a conditional use application, a subdivision plan and a site plan (together, Application) to construct a facility consisting of an unmanned equipment shelter and a steel telephone pole (monopole) on the Masons' Property.

The Property is zoned Suburban Residential (SR) under the Marshall Township Zoning Ordinance of 1992 (Ordinance). Section 208.18G of the Ordinance permits "utility lines, electric substations and other utilities, structures or uses" as a conditional use in the SR District. In their Application, Applicants claimed that the proposed facility is a utility and, as such, is authorized as a conditional use in the SR District. After submitting their Application, Applicants submitted revised site and subdivision plans in order to comply with other Ordinance requirements.

On December 13, 1995, the Board voted to approve the revised subdivision plan but to deny the revised site plan and conditional use application. As stated in its subsequent written decision, the Board found that the proposed use is not a utility within section 208–18.G of the Ordinance; rather, it constitutes "communication facilities and services" which are not permitted in the SR District.[1] The Board also found that the plans as filed failed to meet the Ordinance's fence and antenna height and bufferyard requirements.

Applicants appealed the Board's decision to the trial court, which took no additional evidence and reversed the Board's decision. The Board now appeals to this court.[2]

---

1. "[C]ommunication facilities and services" are permitted in the Planned Office, Research and Business Park District (PORBP) as a conditional use. Section 208–68 of the Ordinance, § 208–68. The Board relied on *Viola v. Marshall Township Zoning Hearing Bd.*, 135 P.L.J. 57 (Allegheny Co.1987), for the proposition that the Township had previously characterized a virtually identical use, a cellular telephone service's communication tower, as a "communications facilit[y] and service[ ]."

2. Where the trial court has taken no additional evidence, our scope of review is limited to a determination of whether the Board committed an error of law or abused its discretion. *Bell Atl. Mobile Sys., Inc. v. Borough of Baldwin*, 677 A.2d 363 (Pa.Cmwlth.1996), *appeal denied*, 548 Pa. 620, 693 A.2d 590 (1997). The Board abuses its discretion when its findings are not supported by substantial evidence. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). "Substantial evidence" means "such relevant evidence as a reasonable mind

The decisive issue in this case is whether Cellular One's proposed use constitutes a "utility" —public or otherwise—under section 208–18.G of the Ordinance.[3]

■ Whether a proposed use falls within a given category specified in an ordinance is a question of law. *Bell Atl. Mobile Sys., Inc. v. Borough of Baldwin*, 677 A.2d 363 (Pa.Cmwlth.1996), *appeal denied*, 548 Pa. 620, 693 A.2d 590 (1997). Although the Ordinance at issue in this case does not define "utilities," we have consulted other sources for guidance as to what constitutes a utility and conclude that the Board did not abuse its discretion or commit an error of law when it concluded that Cellular One is not a utility, public or otherwise.

Cellular One is clearly not a public utility as that term is defined in the Public Utility Code.[4] Cellular One also is not considered to be a "public utility corporation" under the Pennsylvania Municipalities Planning Code (MPC).[5]

■ Nor does Cellular One clearly qualify as a utility under existing case law.[6] Those cases that dealt with whether a cellular telephone provider was considered a utility for zoning purposes decided the issue based on the governing zoning ordinances' definitions. *See AWACS, Inc. v. Zoning Hearing Bd. of Newtown Township*, 702 A.2d 604 (Pa. Cmwlth.1997); *AWACS, Inc. v. Warwick Township Zoning Hearing Bd.*, 656 A.2d 608 (Pa.Cmwlth.1995); *Hawk v. Zoning Hearing Bd. of Butler Township*, 152 Pa.Cmwlth. 48, 618 A.2d 1087 (1992), *appeal denied*, 535 Pa. 625, 629 A.2d 1385 (1993). Thus, where they exist, statutory definitions generally govern whether a cellular telephone provider is included or excluded within the category of a utility; however, here, the Ordinance contains no definition to guide the Board. In the absence of a statutory definition, words are construed according to their common and approved usage. *See* Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. It is unclear whether the common and approved usage of utility includes cellular telephone providers.[7]

might accept as adequate to support a conclusion." *Id.* at 555, 462 A.2d at 640.

3. The Ordinance lists the use "public utility structures" in another section, indicating that the drafters did not intend to limit "utility" in section 208.18G to a public utility. *See O'Boyles Ice Cream Island v. Commonwealth*, 146 Pa.Cmwlth. 374, 605 A.2d 1301 (1992) (stating that where the legislature uses specific language in one section of a statute and excludes it from another section, the language should not be implied where excluded).

Because our resolution of this issue is dispositive of Applicants' appeal, we need not address the merits of the other issues raised.

4. Section 102 of the Public Utility Code, 66 Pa. C.S. § 102, states: "The term [public utility] does not include:...[a]ny person or corporation, not otherwise a public utility, who or which furnishes mobile domestic cellular radio telecommunications service."

5. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202. In *PUC v. WVCH Communications*, 23 Pa.Cmwlth. 292, 351 A.2d 328, 330 (1976), we stated that in order to qualify as a public utility corporation, the entity must prove

that it is required by law to (1) serve all members of the public upon reasonable request; (2) charge just and reasonable rates subject to review by a regulatory body; (3) file tariffs

specifying all of its charges; and (4) modify or discontinue its service only with the approval of the regulatory agency.

Although Cellular One did not apply for an exemption from the Ordinance under the MPC, Cellular One, nevertheless, states it meets all of the elements outlined in *WVCH*. However, we could not find evidence in the record that Cellular One meets these elements.

6. We note that our supreme court granted a petition for allowance of appeal and recently heard argument in *Bell Atlantic Mobile Systems, Inc. v. Zoning Hearing Board of the Township of O'Hara*, 547 Pa. 458, 691 A.2d 458 (1997), "limited to the issue of what test should be applied to determine whether a business entity is a public utility for zoning purposes where the zoning ordinance does not define that term."

7. Webster's Ninth New Collegiate Dictionary defines utility as:

1: fitness for some purpose or worth to some end 2: something useful or designed for use 3 a: PUBLIC UTILITY b(1): a service (as light, power, or water) provided by a public utility (2): equipment or a piece of equipment to provide such service or a comparable service[.] Webster's Ninth New Collegiate Dictionary 1300 (1989). Webster's Third New International Dictionary defines utility as:
1: the quality or state of being useful: fitness for some purpose: profitability to some desired

Because a cellular telephone provider is not explicitly included within or excluded from the meaning of "utility," neither interpretation is clearly erroneous, and the Board, therefore, did not abuse its discretion in concluding that Cellular One is not a utility. Accordingly, we reverse the order of the trial court.

## ORDER

AND NOW, this 23rd day of December, 1997, the order of the Court of Common Pleas of Allegheny County, dated March 13, 1997, is hereby reversed.

LEADBETTER, J., did not participate in the decision in this case.

end: SERVICEABLENESS, USEFULNESS... **2:** something useful or designed primarily for use: as **a:** a useful factor or feature... **b:** a tool, device, or other implement... **c:** a service provided by a public utility **d**...: a versatile motor vehicle: one having or adaptable to a number of uses (as both a truck and a car) **e:** a unit composed of one or more pieces of equipment usu. connected to or part of a structure and designed to provide a service (as heat, light, power, water, or sewage disposal)... **3:** the capacity to satisfy human wants or desires... **4 a:** PUBLIC UTILITY... **b: utilities** *pl:* stocks or bonds of utility companies...[.] Webster's Third New International Dictionary 2525 (1986).