**EARL TOWNSHIP**

v.

**READING BROADCASTING, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2000.

Decided March 29, 2001.

James W. Bentz, Reading, for appellant.

Jeffrey J. Howell, Reading for appellee.

Before McGINLEY, Judge,
FLAHERTY, Judge and MIRARCHI,
Senior Judge.

MIRARCHI, Senior Judge.

Reading Broadcasting, Inc. (RBI) appeals from an order of the Court of Common Pleas of Berks County permanently enjoining RBI from constructing a 668-foot tower to be used for (1) television broadcasting and (2) paging and radiotelephone services unless and until RBI obtains a proper permit for the construction from Earl Township (Township).

After a bench trial held in this action in equity filed by the Township against RBI, the trial court made the following relevant factual findings. RBI, a private corporation, owns and operates a television broadcasting station WTVE in Reading, Berks County since 1976 under a television broadcast license issued by the Federal Communications Commission (FCC). RBI currently broadcasts television signals in the UHF band from a television tower

located on Mt. Penn in Lower Alsace Township, Berks County.

On October 23, 1989, RBI entered into an agreement of sale to purchase a tract of land located in the Long Hill section of the Township (Long Hill property) to construct a new television broadcast tower thereon. In January 1991, RBI's counsel sought advice of the Township as to whether a building permit would be required to construct the new tower on the Long Hill property. In a letter dated April 5, 1991, the Township solicitor advised RBI's counsel that it was his opinion that such "public utility structure" would be exempt from zoning regulations, and that he would recommend that the proposed construction be allowed without a building permit, if (1) a development plan is submitted for review and comment by the zoning officer and/or engineer, and (2) the facts, upon which he based his opinion, are certified to be correct. In a letter subsequently sent to RBI's counsel, the chairman of the Township Board of Supervisors stated that the Supervisors had accepted the Township solicitor's position expressed in the April 5, 1991 letter. Despite the execution of the agreement of sale, RBI did not acquire the Long Hill property.

On December 8, 1993, RBI entered into an agreement of sale to purchase a 10.1–acre tract of land located in the Fancy Hill section of the Township (Fancy Hill property) within the Woodland Agricultural Conservation zoning district. RBI thereafter obtained from the FCC a permit for construction of a new 668–foot tower on the Fancy Hill property. The new tower will increase RBI's television broadcasting market from 1.1 million to 2.8 million viewers. On December 5, 1995, RBI acquired a fee title to the Fancy Hill property. Thereafter in April 1996, RBI submitted a land development plan for the construction of the 668 foot tower to the Township

Planning Commission. In June 1996, RBI withdrew the land development plan, asserting that it was not required to obtain a building permit.

In July 1996, the FCC enacted new regulations permitting the television broadcasters, such as RBI, to provide additional paging and radiotelephone services as "communications common carriers." To provide the paging and radiotelephone services, the television broadcasters must transmit digital data into the vertical blanking interval of the video portion of television broadcasting signals within the radio frequency band already assigned by the FCC for the transmission of the television signals. Due to such manner of transmitting signals, the paging and radiotelephone signals cannot be transmitted without also transmitting the television signals from the same antenna. RBI filed an application for paging and radiotelephone services in September 1996, but was directed by the FCC to resubmit the application at a later date because the FCC was not yet prepared to process the application.

On October 18, 1996, the Township commenced the instant action in equity seeking to enjoin RBI from constructing the proposed tower on the Fancy Hill property unless and until it obtains a proper permit from the Township. In response, RBI alleged, *inter alia*, (1) that it was a public utility and therefore was exempt from complying with the Township's zoning regulations under Section 619 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10619, and Section 1212.A of the Township Zoning Ordinance of 1996 (Ordinance), and (2) that the Township is equitably estopped from seeking injunctive relief because of its previous representations made to RBI.

Section 619 of the MPC sets forth exemptions for public utility facilities as follows:

> This article [Article VI, Zoning] shall not apply to any existing or proposed building, or extension thereof, used or to be used by a public utility corporation, if, upon petition of the corporation, the Pennsylvania Public Utility Commission shall, after a public hearing, decide that the present or proposed situation of the building in question is reasonably necessary for the convenience or welfare of the public.

■■■■ The Township adopted Section 619 of the MPC in verbatim in Section 1212.A of the Ordinance. The Ordinance defines a "public utility" as:

> Any governmental unit or agency or private enterprise that, under public franchise or ownership or under certificate of convenience and necessity, provides the public with electric, gas, heat, steam, communication, transportation, water, or other similar public service. *If not regulated by and subject to the jurisdiction of the Pennsylvania Public Utilities Commission, before an entity will be considered a public utility, such entity must be a common carrier. The burden of proving that an entity is a public utility shall be upon the entity claiming such status.*

Section 302 of the Ordinance (emphasis added).[1]

After the Township filed the instant action, the FCC on April 4, 1997 approved RBI's resubmitted application and authorized RBI to provide the paging and radiotelephone services as a "communications common carrier" utilizing the proposed tower on the Fancy Hill property. The FCC later extended the permit for the construction of the tower to April 4, 2007.

The issues presented for the trial court's determination were: (1) whether RBI is exempt from the zoning regulations as "a common carrier" under the definition of a public utility in Section 302 of the Ordinance; and (2) if not, whether the Township is nonetheless equitably estopped from seeking injunctive relief due to its previous representations that RBI was not required to obtain a permit from the Township to construct a new television broadcasting tower.

■■■■ In its Adjudication issued after the trial, the trial court concluded that RBI is not a public utility under the Ordinance and is therefore subject to the zoning regulations. The trial court reasoned that RBI's principal business since 1976 is television broadcasting; RBI's ability to utilize its television broadcast signals for the additional paging and radiotelephone services is dependent upon RBI's status as the licensee of the television station WTVE; Section 3(h) of the Federal Communications Act of 1934, *as amended,* 47 U.S.C. § 153(h), provides that "a person engaged in radio broadcasting shall not ... be

---

1. We note that providers of the wireless communication services regulated by the FCC are not "public utilities" under the jurisdiction of the Pennsylvania Public Utility Commission. Section 102 of the Public Utility Code specifically excludes, from the definition of a "public utility," "[a]ny person or corporation, not otherwise a public utility, who or which furnishes mobile domestic cellular radio telecommunications services." Consequently, private corporations providing wireless communication services in Pennsylvania are not generally considered "public utilities" for the purpose of the zoning regulations. *Crown Communications v. Zoning Hearing Board of Borough of Glenfield,* 550 Pa. 266, 705 A.2d 427 (1997); *Pittsburgh Cellular Telephone Co. v. Board of Supervisors of Marshall Township,* 704 A.2d 192 (Pa.Cmwlth.1997); *AWACS, Inc. v. Zoning Hearing Board of Newton Township,* 702 A.2d 604 (Pa.Cmwlth.1997), *aff'd,* 559 Pa. 104, 739 A.2d 159 (1999).

deemed a common carrier"; under *Federal Communications Commission v. Midwest Video Corp.*, 440 U.S. 689, 99 S.Ct. 1435, 59 L.Ed.2d 692 (1979), the FCC is precluded from compelling broadcasters to act as common carriers, even with respect to a portion of their total services; and, therefore, a television broadcaster cannot be considered a common carrier under the Ordinance, even when it provides the ancillary and secondary paging and radiotelephone services.

▮ The trial court also rejected RBI's contention that the Township was equitably estopped from seeking injunctive relief. The trial court concluded that in stating previously that RBI was not required to obtain a permit for the construction of a new television broadcasting tower, the Township solicitor was merely expressing his legal opinion, which was incorrect under *Midwest Video* decided in 1979; that decision was available not only to the Township solicitor but also to RBI and its counsel; and such mutual mistake of law, as opposed to a mistake of fact, does not support a claim of estoppel.

The trial court accordingly entered a decree nisi permanently enjoining RBI from constructing the proposed tower unless and until it obtains a proper permit from the Township. The trial court subsequently denied RBI's motion for post-trial relief and entered a final decree. RBI's appeal to this Court followed.

▮ This Court's scope of review of the trial court's final decree entered in an action in equity is limited to determining whether the trial court committed an error of law or abused its discretion. *Hunter v. Bowman*, 159 Pa.Cmwlth. 222, 633 A.2d 655 (1993), *appeal denied*, 537 Pa. 643, 644 A.2d 165 (1994). The decree in an equity action may not be disturbed unless it is not supported by the evidence or is demonstrably capricious. *Amerikohl Mining,*

*Inc. v. Mount Pleasant Township*, 727 A.2d 1179 (Pa.Cmwlth.1999). Further, this Court will not reverse the trial court's final decree in equity, "if apparently reasonable grounds exist for the relief ordered and no errors or inapplicable rules of law were relied on." *Jackson v. Hendrick*, 72 Pa.Cmwlth. 63, 456 A.2d 229, 233 (1983).

RBI first contends that the trial court's findings are not supported by substantial evidence and that the trial court drew "unwarranted inferences" from the evidence. RBI's Brief, p. 40.

▮ Contrary to RBI's contention, however, the trial court's relevant factual findings are amply supported by the 13–page "Stipulated Facts" submitted by the parties, and the extensive testimony and exhibits presented at the trial. It was also within the exclusive province of the trial court, as a factfinder, to weigh the evidence, make credibility determinations and draw reasonable inferences from the evidence. *Commonwealth v. Fidelity Bank Accounts*, 158 Pa.Cmwlth. 109, 631 A.2d 710 (1993). Since the trial court's findings are supported by substantial evidence in the record, this Court may not disturb those findings on appeal.

RBI further contends that the trial court erred in failing to conclude (1) that RBI is exempt from the zoning regulations as a common carrier providing the paging and radiotelephone services, and (2) that the Township was estopped from seeking injunctive relief in this matter.

In its comprehensive, well-reasoned Adjudication, which was subsequently adopted as a memorandum opinion, the trial court ably and thoroughly addressed and disposed of these issues. Accordingly, we affirm the trial court's decision on the bases of the opinion of the Honorable Albert A. Stallone filed in *Earl Township v.*

*Reading Broadcasting, Inc.,* —— Pa. D. & C. 4th —— (No. 96–11187, filed January 27, 2000).

## ORDER

AND NOW, this 29th day of March, 2001, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed on the bases of the opinion of the Honorable Albert A. Stallone filed in *Earl Township v. Reading Broadcasting, Inc.,* —— Pa. D. & C. 4th —— (No. 96–11187, filed January 27, 2000).