Summit House Condominium, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 12, 1984, to Judges Rogers, Craig and Doyle, sitting as a panel of three.

*W. Robert Landis,* with him, *Gabriel N. Preston, W. Robert Landis Associates, P.C.,* for appellant.

*Paul S. Roeder,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE DOYLE, May 1, 1985:

The Commonwealth of Pennsylvania has filed exceptions to the order of this Court which reversed the Board of Finance and Revenue and directed judgment in favor of Summit House Condominium (Summit House).

In our previous decision, *Summit House Condominium v. Commonwealth,* 84 Pa. Commonwealth Ct. 291, 479 A.2d 1162 (1984), this Court held that Summit House was entitled to a refund for sales tax paid on purchases of electricity from the Philadelphia Electric Company between July 24, 1972 and April 30, 1975. Accordingly, we entered an order directing judgment in favor of Summit House in the amount of $16,866.96, plus interest. On August 20, 1984, the Commonwealth filed exceptions to this order and opinion. By a stipulation of the parties[1], the only issue still before us is the Commonwealth's exception to the granting of interest on the refund of sales tax paid between 1973 and 1975.

It is well established that the Commonwealth is not liable for interest upon a tax refund absent an express statute to the contrary. *Purdy Estate,* 447 Pa. 439, 291 A.2d 92 (1972); *Commonwealth v. Philadelphia Gas Works,* 25 Pa. Commonwealth Ct. 66, 358 A.2d 750 (1976); *aff'd in part,* 484 Pa. 60, 398 A.2d 942 (1979).

---

[1] On October 10, 1984 this Court, upon agreement by the parties, entered an order overruling all of the Commonwealth's exceptions but exception number two, the exception regarding the award of interest.

In 1982, the Fiscal Code[2] was amended to require that the Commonwealth pay interest upon the refund of an overpayment of any tax.[3]   By its terms, however, the 1982 Amendment does not apply to litigation commenced before its effective date of January 1, 1982,[4] and, as a result, both parties have agreed that this Amendment has no application to the present case. Since at the time relevant to this appeal there was no express statute imposing upon the Commonwealth the liability for interest, we must conclude that, under *Purdy Estate,* no liability exists.

Summit House argues, however, that the Pennsylvania Supreme Court has implicitly overruled its decision in *Purdy Estate* by its decision in *City of Pittsburgh v. Department of Transportation,* 490 Pa. 264, 416 A.2d 461 (1980).   *City of Pittsburgh* involved a mandamus action in which the Department of Transportation had refused repeated requests for the payment of its share of costs for a bridge reconstruction project on the grounds that there had been no legislative appropriation.   The Supreme Court acknowledged the rule in *Purdy Estate,* and, without rejecting the rule, concluded that it rested on a presumption which was contrary to the facts in the case currently before it, *i.e.,* that the Commonwealth was always ready to pay its debts.   Since the Commonwealth had *not* been willing to pay its debts in the case before it,

---

[2] Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1-1827.10.

[3] Section 806.1 of The Fiscal Code, added by Section 2 of the Act of April 8, 1982, P.L. 258, *as amended,* 72 P.S. §806.1.

[4] Section 6 of the Act of April 8, 1982, P.L. 258, *as amended,* Section 6 states, in pertinent part:

Nothing contained herein shall affect or impair litigation pending on the effective date of this act.   This act shall not be construed to indicate the intent of the General Assembly with regard to the status of the law of the Commonwealth's payment of interest prior to the effective date of this act.   .

the Court concluded that under the equitable principles governing a mandamus action, the trial court did not abuse its discretion in granting the writ. 490 Pa. at 269, 416 A.2d at 464.

Unlike *City of Pittsburgh,* the present case is not one in which the Commonwealth has been unable or unwilling to pay its debts, nor is it governed by the equitable principles applicable to mandamus actions. As such, it does not fall within the narrow exception set forth in *City of Pittsburgh,* and the rule in *Purdy Estate* still applies.

Summit House also argues that the decision in *Purdy Estate* is factually distinguishable from the present case because in *Purdy Estate* the taxes were paid voluntarily. Summit House contends that here it was *compelled* to pay the tax amount because it was included in the bills submitted by Philadelphia Electric Company, and to have refused to pay would have resulted in termination of essential electrical services. The fact that a seller of services erroneously charges and collects a tax does not make the tax involuntarily paid with respect to the Commonwealth. There is no indication that the Commonwealth made an assessment, or demanded the payment of taxes in the present case. If anyone could be said to have demanded the payment of taxes it was the Philadelphia Electric Company, and not the Commonwealth. Whatever the practical constraints placed on Summit House as a result of its contractual relationship with its supplier, the payment of taxes was not compelled *by the action of the Commonwealth,* and the Commonwealth thus received the payments as voluntarily made.

For the foregoing reasons, we conclude that Summit House is not entitled to interest on its tax refund. Thus, the Commonwealth's second exception to this Court's order of August 2, 1984 is sustained.

72

## Order

Now, May 1, 1985, the Commonwealth's second exception to the order of this Court in the above referenced matter, dated August 2, 1984, is hereby sustained.

Said order is hereby modified to direct the entry of judgment in favor of Summit House Condominium and against the Commonwealth in the amount of $16,566.90, without interest.

Judge WILLIAMS, JR., did not participate in the decision in this case.