553 A.2d 1033

O'Boyle's Ice Cream Island, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued October 31, 1988, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John P. Koopman, Begley, Carlin* & *Mandio,* for petitioner.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, January 31, 1989:

O'Boyle's Ice Cream Island, Inc. (Petitioner) appeals from an order of the Board of Finance and Revenue (Board), which sustained the imposition of sales tax on sales of Petitioner's ice cream products and denied Petitioner's request for a refund.[1] We reverse.

The parties have stipulated to the following facts: Petitioner is a Pennsylvania corporation engaged in the business of selling ice cream and related products from street vending trucks. During the period in question, Petitioner sold to the general public, through street vending trucks, the following prepackaged products: twin ice pops, chico ice pops, screwball fruit ice cups, fudge pops, dixie cups, chocolate pops, eclair bars, ice cream sandwiches, drumsticks, sundae cups, bomb pops and creamsickles. Petitioner also sold hand dipped cones. The items were sold in individual servings and were dispensed from Petitioner's trucks in a readily consumable state. Sales took place from Petitioner's trucks which were specially designed for curb service to dispense Petitioner's products. Petitioner provided no tables or chairs for customers to use while consuming these products, although it did provide napkins and plasticware. These trucks operated primarily in the summer months and stopped at various locations including parks, playgrounds, and houses.

Petitioner claims its products are exempt from the payment of sales tax under section 204(29) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7204(29). Section 204(29) of the Code, 72 P.S. §7204(29), provides that tax shall not be imposed on:

---

[1] Petitioner was assessed a sales and use tax deficiency. Petitioner paid both deficiencies plus interest. Petitioner seeks a refund only of the sales tax; the use tax assessment is not contested.

The sale at retail or use of food and beverages for human consumption, including *candy, gum and similar confections,* except that this exclusion shall not apply with respect to—

. . . .

(iii) Food and beverages ... when purchased from i) persons engaged in the business of catering or ii) from persons engaged in the business of operating restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels and other eating places. ...

Emphasis added.

The Commonwealth bases its assessment of the tax on its conclusion that the products Petitioner sells are food and not "candy, gum or similar confections." The Commonwealth further contends that the tax is properly imposed because Petitioner is "engaged in the business of catering" or is operating a "lunch counter" or "other eating place."

Petitioner contends that all of its sales, except for its sales of hand dipped ice cream,[2] are excluded from sales tax, pursuant to section 204(29) of the Code. Petitioner argues that the products it sells are "candy, gum or similar confections." Specifically, Petitioner contends that ice cups, ice pops, and fudge pops are confections since they are purchased primarily because of their sweet taste. Petitioner also argues that prepackaged ice cream products which contain candy coating or confectionery products should be classified as confections and not food.

Whether the items Petitioner sells constitute "candy, gum or similar confections" within the meaning of the exclusion contained in section 204(29) of the Code is an issue of first impression in this Commonwealth. Whether

---

[2] Petitioner concedes that sales of hand dipped cones are not exempt from taxation.

a particular product fits within a particular category of products excluded from taxation is a matter of law properly reviewable by this court. *See Laneco, Inc. v. Commonwealth,* 103 Pa. Commonwealth Ct. 355, 520 A.2d 542 (1987). When interpreting a tax exclusion, the exclusionary provision is to be construed against the government and in favor of the taxpayer. *Rossi v. Commonwealth,* 20 Pa. Commonwealth Ct. 517, 342 A.2d 119 (1975).

The words "candy, gum and similar confections" are defined as:

> The term 'candy' refers to types of preparation commonly referred to as candy, such as hard candy, caramel, chocolate candy, licorice and fudge. The term 'gum' refers to preparations commonly referred to as gum, such as chicle, chewing gum and bubble gum. *'Similar confections' refers to preparations which, like candy and gum, are commonly purchased because of their sweet taste, not primarily for their nutritional value. For example, candy-coated peanuts and caramel-coated popcorn are considered to be a confection while salted peanuts and buttered or salted popcorn are not. Other confections include items such as candied apples, jelly beans, salt water taffy and cotton candy.*

61 Pa. Code §49.1(a) (emphasis added).

When the ingredients of the items Petitioner sells are examined, it is clear that these items fall within the definition of "similar confections." Petitioner's twin pops contain the following ingredients: "water sweetened with a 30% solution of cane sugar & corn syrup solids—citric acids, vegetable gums, salt natural & artificial flavor." Record Exhibit F. Petitioner's screwball fruit ice cup contains these same ingredients plus "candy coated gum balls manufactured with sugar, gum base, corn syrup,

softeners, natural & artificial flavoring, [and] confections glaze." *Id*. The fudge pops contain "water, 30% cane & corn sugar, nonfat milk solids, cocoa, malt, vegetable gums, salt & artificial flavor." *Id*. These products, which consist largely of sugar, clearly are purchased primarily because of their sweet taste rather than for their nutritional value.

Nor can there be any doubt that Petitioner's products that consist of ice cream containing a candy-coating or other confectionery product are also confections purchased for their sweet taste rather than their nutritional value. It cannot seriously be contended that candy-coated ice cream is different from candy-coated peanuts, caramel-coated popcorn or candied apples, all of which are defined in 61 Pa. Code §49.1(a) as "similar confections."

The Commonwealth argues that Petitioner is engaged in the business of catering or operating a lunch counter or other eating place. However, we need not determine whether Petitioner is so engaged. Section 204(29) of the Code excludes from taxation the sale of "candy, gum or similar confections" even when these products are purchased from persons engaged in the business of catering or operating a lunch counter or other eating place.[3]

Therefore, we conclude that the products sold by Petitioner constitute "similar confections" and that Petitioner's sales of these items are exempt from taxation pursuant to section 204(29) of the Code. Accordingly, we reverse and remand.

---

[3] *See* Revenue ruling found at 61 Pa. Code §49.1(b):

The sale of food and beverages, *excluding candy, gum and similar confections,* is subject to tax when purchased from caterers, restaurants, cafes, lunch counters, private and social clubs, taverns, dining cars, hotels, boarding houses and tourist homes, or other eating places. ... (Emphasis added.)

ORDER

AND NOW, January 31, 1989, the order of the Board of Finance and Revenue in the above-captioned matter is reversed and the case is remanded to the Board of Finance and Revenue for calculation of the amount of refund due to the Petitioner in accordance with the foregoing opinion.

Jurisdiction relinquished.