605 A.2d 1301

**O'BOYLES ICE CREAM ISLAND, INC., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1991.

Decided March 13, 1992.

John P. Koopman, for petitioner.

Bart J. DeLuca, Senior Deputy Atty. Gen., for respondent.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

O'Boyles Ice Cream Island, Inc. (Petitioner) appeals from an order of the Board of Finance and Revenue (Board) which denied Petitioner interest on an overpayment of a sales tax. We affirm.

The parties have stipulated to the following facts. Pa. R.A.P 1571. Petitioner is a Pennsylvania corporation engaged in the business of selling ice cream and related products from street vending trucks. On September 29, 1975 Petitioner was issued a tax assessment. Petitioner filed a Petition for Reassessment of the sales tax portion of the assessment with the Board of Appeals. The Board of Appeals sustained the sales tax portion of the assessment.

Petitioner subsequently appealed to the Board; meanwhile, on October 14, 1976, Petitioner paid the disputed sales tax. The Board affirmed the Board of Appeals. Petitioner then appealed to this court.

This court, in *O'Boyles Ice Cream Island, Inc. v. Commonwealth*, 123 Pa.Commonwealth Ct. 232, 553 A.2d 1033 (1989) (*O'Boyles I*), reversed the Board order, determining that Petitioner's ice cream products constituted "candy, gum or similar confections," and were therefore exempt from taxation pursuant to Section 204(29) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7204(29). By order dated January 31, 1989, this court remanded the matter to the Board for calculation of the amount of the refund due.

The Board calculated $34,030.08 as the amount of the refund due for the overpayment of the sales tax. However, the Board denied payment of any interest accrued on the overpayment under section 8 of the Act of December 9, 1982, P.L. 1057, Act No. 82–248, amending The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§ 1–1827.10 (Act), stating: "Since the payment [of tax] in this case occurred prior to January 1, 1982, the effective date of Section 806.1 of the Fiscal Code, Petitioner's overpayment would not have accrued any interest payable from the Commonwealth of Pennsylvania."

On June 22, 1989, Petitioner filed an appeal with this court contesting the part of the Board order which denied Petitioner interest on the overpayment. The single issue raised by Petitioner is whether Petitioner is legally entitled to interest on the overpayment.

Section 806.1 of The Fiscal Code, as amended by section 3 of the Act, 72 P.S. § 806.1, allows interest to be paid on overpayments of tax for the period during which the Commonwealth retained the overpayment. The first sentence of Section 8 of the Act limits the applicability of the Act as follows: "This act shall not apply to any underpayments or overpayments of tax due and payable prior to January 1,

1982." This case of first impression calls for the interpretation of this first sentence of section 8.

Petitioner interprets the first sentence of section 8 to mean that the Act does not apply to cases where a tax overpayment is due and payable prior to January 1, 1982. Petitioner argues that since the overpayment in this case was not determined due and payable until this court's decision in *O'Boyles I* on January 31, 1989, the Act would apply and Petitioner would be entitled to interest.

The Commonwealth of Pennsylvania (Respondent), on the other hand, interprets the first sentence of section 8 to mean that the Act does not apply to cases where the *tax* is due and payable prior to January 1, 1982. Respondent argues that Petitioner's tax was due and payable when the assessment was issued on September 29, 1975, prior to January 1, 1982. Therefore, according to Respondent, section 8 bars Petitioner from receiving any interest on the overpayment of that tax. We agree with Respondent's interpretation of section 8.

When construing a statute, the starting point is the language therein; absent any evidence to the contrary, a statute's plain meaning must prevail. *Department of Environmental Resources v. City of Harrisburg*, 133 Pa.Commonwealth Ct. 577, 578 A.2d 563 (1990). Where the legislature includes specific language in one section of a statute and excludes the language from another, the language should not be implied where excluded. *Patton v. Republic Steel Corp.*, 342 Pa.Superior Ct. 101, 492 A.2d 411 (1985). Moreover, each word of a statutory section is to be given effect and not to be treated as surplusage. *In re DeYoung*, 129 Pa.Commonwealth Ct. 265, 565 A.2d 226 (1989). In determining legislative intent, the sections of a statute must be read together and construed with reference to the entire statute. *Panko v. Public School Employees' Retirement System*, 89 Pa.Commonwealth Ct. 419, 492 A.2d 805 (1985).

Petitioner, in its interpretation of section 8, seems to confuse the word "overpayment" with a "refund" of that overpayment. The word "refund" is used in other parts of the Act; for example, 806.1(a)(5) states in part: "If any overpayment of tax is refunded." However, the word "refund" is not used in section 8. Therefore, it must not be implied that the word "overpayments" in section 8 refers to "refund of overpayments."

In this case, the refund of the overpayment was owed to Petitioner after the effective date of the Act; however, the overpayment, itself was never owed. The overpayment was simply made in connection with the payment of the tax, which was owed to Respondent before the effective date of the Act.

 Moreover, section 8 uses the words "due and payable" in association with tax, not in association with the overpayment or underpayment of that tax. Unless plainly meant otherwise, a modifying clause operates only upon the word immediately preceding it. *Equitable Gas Co. v. City of Pittsburgh*, 507 Pa. 53, 488 A.2d 270 (1985). The words "due and payable" modify the word "tax" in section 8. Therefore, it is not the overpayment or underpayment of the tax that is due and payable, as Petitioner contends, it is the tax, itself, that is due and payable.

Our interpretation is consistent with other sections of The Fiscal Code where the words "due and payable" obviously modify the word "tax." For example, in section 806 of The Fiscal Code, Act of August 19, 1953, P.L. 1146, section 3, *as amended*, 72 P.S. § 806, which deals with underpayments, the first sentence reads: "All taxes due the Commonwealth shall bear simple interest from the date they become due and payable until paid."

Our interpretation of the first sentence of section 8, in accord with Respondent's interpretation, is also consistent with the second and third sentences of section 8. The second sentence of section 8 states: "Nothing contained herein shall affect or impair litigation pending on the effec-

tive date of this act." The Act, therefore, does not apply to litigation commenced before its effective date of January 1, 1982. *Summit House Condominium v. Commonwealth*, 89 Pa.Commonwealth Ct. 68, 491 A.2d 962 (1985), *aff'd*, 514 Pa. 221, 523 A.2d 333 (1987). Litigation commenced before the effective date of the Act could only concern taxes that were due and payable prior to the effective date.

The third sentence of section 8 states: "This act shall not be construed to indicate the intent of the General Assembly with regard to the status of the law of the Commonwealth's payment of interest prior to the effective date of this act." Prior to the effective date of this Act, the Commonwealth was not liable for interest on a tax refund. *Id.* The Fiscal Code was amended by section 806.1 to require that the Commonwealth pay interest upon the refund of an overpayment of tax, which interest accrues beginning on the date the tax was due and payable. 72 P.S. § 806.1(a). Therefore, it follows from the third sentence of section 8, which is consistent with the first and second sentence of section 8, that interest would not be allowed on taxes which were due and payable prior to the effective date of the Act.

It is undisputed that the tax in the present case was due and payable prior to the effective date of the Act. Therefore, the limitation of section 8 applies and Petitioner is not entitled to interest on the overpayment of its tax.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, March 13, 1992, the order of the Board of Finance and Revenue in the above-captioned matter is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. As the majority recognizes, this is a case of first impression involving the interpretation of Section 8 of the Act of December 9, 1982, P.L. 1057, No. 248 (Act 248) which is a limitation upon Section 3 of Act 248

which amends Section 806.1 of the Fiscal Code,[1] 72 P.S. § 806.1, a provision which authorizes payment of simple interest by the Commonwealth upon an overpayment to the Commonwealth of any tax. This amended provision indicates legislative recognition of the obvious unfairness of not allowing interest on taxpayer overpayments.

The first sentence of Section 8 of Act 248 states, "This Act shall not apply to any underpayments or overpayments of tax due and payable prior to January 1, 1982." The third sentence of Section 8 of Act 248 states, "This act shall not be construed to indicate the intent of the General Assembly with regard to the status of the law of the Commonwealth's payment of interest prior to the effective date of this act." The first and third sentences must be read together and are indicative of the legislature's intent to allow interest to accrue on all overpayments held by the Commonwealth as of January 1, 1982, regardless of when the tax became due and payable.

Also, I would interpret the second sentence of Section 8 of Act 248, which states, "Nothing contained herein shall affect or impair litigation pending on the effective date of this act," as applying only to litigation involving tax liability to determine whether an overpayment has been made. In other words, I believe that the legislative intent in enacting the second sentence is to state that whether or not interest is payable on an overpayment has nothing to do with any underlying litigation regarding tax liability.

Accordingly, I would hold that Section 8 of Act 248 does not preclude Petitioner from interest on its overpayment of sales tax accruing after January 1, 1982.

---

**1.** Section 806.1 of the Fiscal Code was added by the Act of April 8, 1982, P.L. 258. Prior to the addition of Section 806.1, the Commonwealth was not liable for interest upon a tax refund. *Summit House Condominium v. Commonwealth,* 89 Pa.Commonwealth Ct. 68, 69, 491 A.2d 962, 963 (1985). We note that Section 3 of Act 248 amended subsection (a) of Section 806.1 by, *inter alia,* redefining the term "overpayment," and substituting the terms "simple interest," "tax," and "tentative tax" for already existing similar terms. Section 3 of Act 248 also rewrote subsection (b) regarding the computation of interest. *See Historical and Statutory Notes,* 72 P.S. § 806.1.