**DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF LABOR LAW COMPLIANCE, Petitioner,**

v.

**Vincent GANC, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1999.
Decided May 13, 1999.

Lisa A. DeLorenzo, Harrisburg, for petitioner.

Mark Featherman, Philadelphia, for respondent.

1. Act of August 15, 1961, P.L. 987, as amended, 43 P.S. §§ 165–1–165–17.

Before DOYLE, J., PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

■ The issue on appeal is whether the Pennsylvania Prevailing Wage Appeals Board (Board) correctly interpreted the Pennsylvania Prevailing Wage Act (Act)[1] as requiring the Bureau of Labor Law Compliance, Department of Labor and Industry (Department) to hold an "appropriate hearing" whenever a workman files a protest alleging he has been underpaid in violation of the Act. We hold the Board correctly interpreted the Act as requiring the Department hold an "appropriate hearing" whenever a workman files a protest under the Act. Therefore, the decision and order of the Board is affirmed.

The relevant facts in this case are as follows. In 1994, Vincent Ganc (Ganc) was a resident of Delaware. Delcard Associated, Inc. (Delcard)[2] was a contractor located in Delaware. Delcard employed Ganc as a sheet-metal worker apprentice on three projects located in Pennsylvania. The three projects were public works within the meaning of the Act. Delcard did not employ Ganc pursuant to an apprentice program approved by the Pennsylvania Apprenticeship and Training Council (PATC), nor was Ganc a registered apprentice within Pennsylvania. Ganc did not receive the journeyman prevailing minimum wage rate, as determined by the Department.

On or about December 30, 1994 Ganc filed a wage protest with the Department in the form of a prevailing wage questionnaire. The Department did not hold a hearing with regard to Ganc's protest. On or about October 18, 1995, a meeting was held between the Director of the Department's Prevailing Wage Division (Division)(now the Bureau of Labor Law Compliance), Delcard and two Bureau inspectors. On October 19, 1995,

2. Declard is now Conectiv Services, Inc.

the Division Director sent a letter to Delcard requesting that Delcard register its apprentices with PATC.[3]

Ganc wrote to the Department on November 22, 1995, inquiring as to the status of his case. The Department did not respond to this inquiry.

On June 19, 1996, Ganc, through his counsel, wrote to the Department to request a hearing on his protest. In response, on August 21, 1996, the Director of the Division wrote a letter to Ganc's counsel stating the Department elected not to pursue Ganc's protest because the Department felt that the situation was adequately addressed by Delcard.

On September 27, 1996 the Board received Ganc's appeal from the August 21, 1996 letter by the Director of the Division. The Board appointed a hearing officer and the parties stipulated to the above facts. After hearing arguments the hearing officer distributed a proposed decision. Both parties filed exceptions to the proposed decision. After hearing oral arguments the Board held that the Department committed an error of law when it refused to fully investigate and hold a hearing on the wage protest filed by Ganc. The Department filed a Petition for Review with this Court.

On Appeal[4], the Department argues that the Act does not require the Department to hold a hearing for every protest filed by a workman under the Act. We disagree.

The Secretary of Labor and Industry is charged with investigating allegations of wage rate violations when a worker files a charge alleging that he has not been paid the prevailing rate. The relevant language of the Act provides:

Whenever any workman employed upon public work shall have filed a timely protest objecting that he has been paid less than prevailing wages as required by this act, **it shall be the duty of and the secretary shall forthwith investigate the matter** and determine whether or not there has been a failure to pay the prevailing wage and whether any such failure was intentional or otherwise. **In any such investigation, the secretary shall provide for an appropriate hearing** upon due notice to interested parties, including the workmen, the employer and the respective representative, if any.

43 P.S. § 165–11(c) (emphasis added).

The Board has interpreted this language to mean the Department has a mandatory duty to investigate all timely protest filed by workmen alleging that they have been paid less than the prevailing wage as required by the Act. This investigation must include a hearing, the nature of which is within the discretion of the Department to determine.

As this case involves the interpretation of the Act by the agency charged with administering the Act, the interpretation must be given great weight and should not be disregarded unless clearly erroneous. *Pennsylvania Association of Rehabilitation Facilities v. Foster*, 154 Pa. Cmwlth. 555, 624 A.2d 270 (1993).

When construing a statute, the starting point is the language therein. Absent any language to the contrary, a statute's plain meaning must prevail. *O'Boyles Ice Cream Island v. Commonwealth*, 146 Pa.Cmwlth. 374, 605 A.2d 1301 (1992). The key language to be construed

---

3. Delcard subsequently submitted a request to the PATC for registration of an apprenticeship program in Pennsylvania, effective September 18, 1996. The PATC, at its October 10, 1996 meeting, approved Delcard's program, and Delcard was awarded a certificate of registration thereafter.

4. This Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *York Excavating Company v. Pennsylvania Prevailing Wage Appeals Board*, 663 A.2d 840 (Pa. Cmwlth.1995).

in the case at bar is "the secretary **shall** provide for an appropriate hearing...." 43 P.S. § 165–11(c). Although the word "shall" has sometimes been interpreted as directory, upon analysis of the use of the word in the context of the Act as a whole, we interpret the word "shall" in this case as mandatory.

Recent case law establishes that the word "shall" is to be construed as mandatory unless the statutory language is ambiguous. *Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997). *Coretsky v. Board of Commissioners of Butler Township*, 520 Pa. 513, 555 A.2d 72 (1989).

The language in the Act is not ambiguous. Section 11(c) is but one part of a procedure detailing how the Department is to address protest and violations under the Act. Section 11(c) calls for an investigation and hearing. Both Section 11(d) and Section 11(e) state, "In the event that the secretary shall determine, **after notice and hearing as required by this section**...." (Emphasis added). The use of the word "required" in conjunction with "hearing" in each of these subsections leaves little doubt that the legislature did not intend hearings to be merely optional.

In arguing for discretion as to whether the Department must conduct a hearing the Department makes the following arguments.

■ First, the Department argues that the word "appropriate" in the context of the Act is indicative of discretion. The Department would read the sentence "the secretary shall provide for an **appropriate hearing**" to actually mean, "the secretary shall provide for a **hearing when appropriate**." We disagree with the Department's interpretation of the Act. The word "appropriate" modifies the word "hearing", not the word "provide." The discretion that the legislature provides to the Department is to determine what type of hearing is appropriate, not whether any hearing is required at all.

■ Second, the Department argues that the Board's interpretation of the statute elevates the status of the complaining worker to that of a party allowing the worker to dictate how the Department conducts its investigation and force the Department to bring charges against the employer. This argument misinterprets the decision of the Board. The Section 11(c) of the Act requires the Department conduct an investigation and hold an "appropriate hearing." The hearing must comport with the requirements of due process but it need not be adversarial. The Board's interpretation of the Act affords the worker no more rights than those that the legislature expressly provided in the Act.

■ Third, the Department argues that it would be unreasonably and excessively burdensome for the Department to hold a full-fledged evidentiary hearing for each wage protest. No evidence of the insufficiency of the Department's resources to investigate all wage protest filed was presented to the Board. Also, the Board's interpretation of the Act, which this Court now adopts, gives the Department wide discretion to determine what sort of hearing is necessary "to determine whether there has been a failure to pay the prevailing wages, and whether such failure was intentional or otherwise." The hearing must provide both the employee and employer with due process of law, but due process is a flexible concept. We agree with the Board that the Department should consider the following factors in deciding the appropriate type of hearing:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the functions involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976).

Fourth, the Department argues that it has discretion to enforce the Act just as criminal prosecutors have discretion in Pennsylvania to approve or disapprove criminal complaints. This argument ignores the fact that the legislature specifically granted criminal prosecutors discretion to approve or disapprove a complaint in Rule 106 of the Rules of Criminal Procedure.[5] In contrast, the legislature specifically requires the Department conduct an investigation, which includes an "appropriate hearing", whenever a worker files a protest under the Act.

Reviewing the language in Rule 106 of the Rules of Criminal Procedure bolsters our holding that the legislature did not intend the Department to have discretion as to whether to hold a hearing whenever a worker files a protest under the Act. When the legislature wishes to grant an agency discretion, it is able to do so in clear, unambiguous language. Even within the Act, the legislature uses the permissive word "may" when it wishes to grant the Department discretion. Section 11(e) of the Act states, "The secretary **may** in addition thereto request the Attorney general to proceed to recover the penalties...." There is no language in the Act that could be construed to give the Department discretion as to whether it must have a hearing as part of its investigation into protest filed by a worker under the Act.

Finally, the Department argues that the order of the Board is contradictory and ambiguous. The order of the hearing officer states:

> Vincent Ganc's wage protest is hereby remanded to the Department for a

complete investigation including a hearing, to be followed by a determination of whether Mr. Ganc was paid less than the prevailing wage by Delcard, and if so, whether the underpayment was intentional.

The Board's order, in turn, reads as follows:

> AND NOW, this 4[th] day of December 1997, the Prevailing Wage Appeals Board accepts the proposed report of the hearing officer in this matter. The Board further orders the Department to conduct an investigation to determine whether Vincent Ganc was paid less than the prevailing wage.

The Board's order adopts the recommendation of the hearing officer in full. The Board reiterates that the Department is to conduct an investigation, which must include an "appropriate hearing", to determine whether Ganc was underpaid, and if so, whether the underpayment was intentional. We do not agree with the Department that the Board's order is contradictory or ambiguous.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 13th day of May, 1999, the order of the Pennsylvania Prevailing Wage Appeals Board in the above-captioned matter is hereby affirmed.

**5.** Rule 106 of the Rules of Criminal Procedure states:

(a) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.