**MISTICK CONSTRUCTION; Janus, Inc.; Villi Electrical Group, Inc.; Strickland Construction, Inc., Petitioners,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, PREVAILING WAGE APPEALS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 2000.

Decided Dec. 14, 2000.

Kevin J. McKeon, Pittsburgh, for petitioners.

Kathryn J. McDermott, Harrisburg, for respondent.

Before COLINS, Judge, SMITH, Judge (P.), and MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Mistick Construction, Janus, Inc., Villi Electrical Group, Inc., and Strickland Construction (Petitioners) petition for review from the final order of the Pennsylvania Prevailing Wage Appeals Board (Board) dated February 2, 2000 that affirmed the Secretary of Labor and Industry's final decision. We affirm.

The sole issue presented on appeal to this Court is whether the Board erred in requiring that a party challenging a prevailing wage rate pursuant to Section 8 of the Pennsylvania Prevailing Wage Act (Act), Act of August 15, 1961, P.L. 987, *as amended* 43 P.S. § 165-1-165-17, must also bear the burden of establishing an alternative rate. We hold that the Board correctly interpreted the Act as requiring the Petitioners to show what wage rates should be used. Therefore, the decision and order of the Board are affirmed.

The relevant facts in this case are as follows. On June 20, 1999, the Public Auditorium Authority of Pittsburgh (PAA) and Allegheny County issued bid documents for construction of PNC Park, which bid documents included prevailing wage determinations pursuant to the Act. Under the Act, every public body that engages in the construction of a public work project must receive a determination from the Secretary as to the prevailing minimum wage rates to be paid to the workers employed on the project.[1] The Secretary determined that collective bargaining agreement rates were prevailing in the crafts relevant to this proceeding. On

July 1, 1999, Petitioners filed a petition to review several predetermined wage rates. Petitioners challenged the accuracy of the rates, asserting that the Secretary's predetermined wage rates did not reflect the wage rates paid by the dominant segment of construction interests in Allegheny County.

A hearing was held on July 21, 1999. On July 28, 1999, the Hearing Examiner's order found that Petitioners failed to introduce relevant evidence to refute the survey results relied upon by the Secretary and in turn failed to establish alternative wage rates in Allegheny County. The Board affirmed stating that a party challenging wage rate determinations has at least a de facto burden of showing what wage rates should be used. Petitioners now appeal to this court.[2]

■ This Court's scope of review is limited to determining whether constitutional rights were violated, whether the Board committed an error of law, and whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *York Excavating Company v. Pennsylvania Prevailing Wage Appeals Board*, 663 A.2d 840 (Pa.Cmwlth.1995).

■ Petitioners contend that Section 8 of the Act, 43 P.S. § 165-8, does not require them to establish alternative rates when they petition for review of the Secretary's predetermined wage rates. Petitioners further argue that it would be unreasonable and excessively burdensome for them to calculate and present their own wage rate at the petition for review hearing. They contend that the purpose of the public hearing was not to convince the hearing examiner that a particular rate was prevailing, but to establish that the Secretary's predeterminations were inac-

---

1. Section 5 of the Act, 43 P.S § 165-5, provides that not less than the prevailing minimum wage must be paid to all workers employed on public work.

2. Numerous intervenors have filed briefs in this matter. Supporting the determination of the board are the Sheet Metal Workers 12, Plumbers Local 27, IBEW, Local 5, Sprinkler Fitters Local 542, Pittsburgh Building and Construction Trades Council, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Labor Law Compliance.

curate and that Section 8 of the Act merely provides for a method of administrative review of the Secretary's predeterminations. We disagree.

The Act does not expressly define what burden a Petitioner under Section 8 of the Act bears when challenging the Secretary's wage rate determination; however, we find guidance in the body of the Act. *O'Boyles Ice Cream Island, Inc. v. Commonwealth*, 146 Pa.Cmwlth. 374, 605 A.2d 1301 (1992) (when construing a statute, the starting point is the language therein). It is the Secretary's duty to "determine the general prevailing minimum wage rate in the locality in which the public work is to be performed for each craft or classification of all workmen needed to perform the public work contracts ..." Section 7 of the Act, 43 P.S. § 165–7. If a petition for review of the wage rate is filed, Section 8 provides that a hearing must be held within 20 days and a decision issued within 10 days of the hearing. Section 8 further mandates that a petition for review "shall set forth the facts upon which it is based." 43 P.S. § 165–8.

█ As this case involves the interpretation of an act by the agency charged with administering it, the interpretation must be given great weight and should not be disregarded unless clearly erroneous. *Department of Labor and Industry, Bureau of Labor Law Compliance v. Ganc*, 729 A.2d 668 (Pa.Cmwlth.1999). As noted, the language in the Act does not specifically address who bears the burden of proof in a petition for review. Nonetheless, it does require a petitioning party to present the facts upon which its petition is based. In reviewing the language and purpose behind the Act, we agree with the Board. The Act emphasizes an expedited procedure to accommodate the time constraints under which construction projects run, and it is designed to determine prevailing wages for public work quickly and conclusively. Placing the burden on a Section 8 Petitioner permits the Secretary to quickly establish the final prevailing wage determination at the hearing and part of the Petitioners' argument at hearing should be what rates are better and why.

Respondents rely on *Keystone Chapter of Associated Builders and Contractors, Inc. v. Department of Labor and Industry*, 51 Pa.Cmwlth. 586, 414 A.2d 1129 (1980), in which the petitioner filed a petition for review of the predetermination under Section 8 of the Act. Both opposing parties presented documentary evidence and testimony. The court stated that the issue before "the hearing examiner was whether the wage rates were, in fact, the prevailing minimum wages in the locality. The whole purpose of the public hearing was to determine what those prevailing minimum wage rates should be." *Id.*

Similarly, the Petitioners in the present case who actively filed for a review of the rate wages must do more than simply point to deficiencies in the evidence. Petitioners must present relevant facts and evidence as to what they believe the prevailing wage should be. Once this burden is met, the Secretary is at liberty to reconsider the prevailing wage. The hearing examiner specifically noted that the evidence offered by Petitioners was not relevant or probative. The evidence of the decrease in union membership pertained solely to Allegheny County, and there was no attempt to contact union or non-union contractors, or to determine their percentage of workers on contracts. Because we find the Secretary's interpretation of the Act to be consistent with its purpose and public policy, we conclude that the Secretary did not err in concluding that the Petitioners failed to meet their burden at the hearing.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, 14th day of December 2000, the order of the Pennsylvania Prevailing Wage Appeals Board is AFFIRMED.